**WAYNE GREENWALD, P.C.**
*Proposed Attorneys for the Debtor,*
*Leigh A. Morse*
475 Park Avenue South - 26th Floor
New York, New York 10016
212-983-1922

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re                                                                           Case No.: 19-

LEIGH A. MORSE.                                                      Proceedings for
                                                                                    Reorganization under
                                          Debtor.                    Chapter 11
---------------------------------------------------------X

## DECLARATION IN SUPPORT OF THE DEBTOR'S MOTION TO RETAIN WAYNE GREENWALD, P.C. AS COUNSEL TO THE DEBTOR

Wayne M. Greenwald, declares:

1. I am an attorney admitted to practice law before this Court and am a member of the law firm of Wayne Greenwald, P.C. ("WGpc"), which maintains its offices at 475 Park Avenue South, 26th Floor, New York, New York.

2. I submit this declaration in support of the above-named Debtor's motion to retain WGpc, as the Debtor's attorneys in this case.

3. Neither I, WGpc, nor any member or associate thereof has any known connection with the above- named Debtor, her creditors, affiliates or any other

party in interest, nor represents any interest adverse to that of the Debtor's estate in matters upon which said law firm is to be engaged, except that I, said law firm, its members, associates and counsel:

    A.)    may appear in the future in cases in which one or more of said parties or their attorneys may be involved;

    B.)    once had credit card accounts with Chase Bank who is a creditor;

    C.)    I represented Citibank NA and its affiliates while I was a member of another firm. That relationship ended in 1993;

    D.)    received $2,000 of the Debtor's initial retainer from the Debtor's majority owned entity, Leigh Morse Fine Arts LLC, which treated the payment as income to her.

however, none of these factors will diminish the quality of services which WGpc proposes to render for the Debtor herein or is in conflict with such proposed services.

    4.    Additionally, from time to time, I acted as outside counsel to the Attorney General of the State of New York, Special Prosecutor's Office for Medicaid Frauds on bankruptcy and creditors' rights matters. However, I am not rendering any services now and that unit would have no involvement in this case.

Nor was I ever involved in any matters concerning this Debtor.

5. With the additional exceptions that I and/or my firm are also taxpayers to the State of New York, City of New York and the United States Internal Revenue Service, I am unaware of other facts which otherwise create the appearance of non-disinterestedness, actual conflict, or and impermissible potential for a conflict of interest.

6. In the event that a creditor or party-in-interest of this estate is represented by the undersigned's law firm, we will not represent such creditor or party-in-interest in this case.

7. I believe that WGpc is a "disinterested person" within the meaning of 11 U.S.C. §§ 101(14), 327 and 328, and neither holds nor represents an interest adverse to the Debtor or its estate on the matters on which it s to be retained.

8. I have advised the Debtor and Debtor in Possession, of WGpc's willingness to serve as counsel to the Debtor herein and to accept compensation for professional services rendered and related expenses incurred in accordance with those stated in the Debtor's motion to retain WGpc as his counsel herein.

9. WGpc's reduced hourly fees for the services to be rendered in this case range from $600.00 per hour for partners' time, up to $550 per hour for counsels' time, $150 per hour to $400 per hour for associates' time, and $75 - $150 per hour for clerk's and

paraprofessionals' time.

10. This fee schedule is subject to change on an annual basis.

11. I and those attorneys of WGpc's bankruptcy/creditors' rights group who will be rendering services in this case have read and are generally familiar with (i) the Bankruptcy Reform Act of 1978, as amended; (ii) the Federal Rules of Bankruptcy Procedure; and (iii) the Local Rules of this Court.

12. No agreement exists between WGpc and any third-person for the sharing of fees in this case, except as part of the compensation packages of WGpc's professional employees and counsel.

13. I declare the foregoing statements to be true and correct under penalties of perjury, pursuant to 28 U.S.C. § 1746.

Dated: New York, New York
      March 27, 2019

                                          ____/s/ Wayne M. Greenwald_____
                                            Wayne M. Greenwald